**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL GROSE and VONDA WILSON-GROSE, his wife and MILDRED DANCY** | NOTICE OF REMOVAL |
| **Plaintiffs,** | |
| v. | |
| **NATIONWIDE** | |
| and | |
| **TEALIA NICOLE BROWN** | |
| and | |
| **JOHN DOE** | |
| **Defendant,** | |

Pursuant to U.S.C §§1332, 1441(a) and 1446, Defendant Depositors Insurance Company incorrectly named and identified as "Nationwide" files this Notice of Removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant Depositors Insurance Company states as follows:

**CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

1.      On June 19, 2026, Plaintiffs commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. Plaintiffs' Complaint was mailed to "Nationwide" on June 25, 2026.

2.      Undersigned counsel filed an Entry of Appearance on behalf of Depositors Insurance Company incorrectly named and identified as Nationwide in the Philadelphia County Court of Common Pleas. The Complaint and Entry of Appearance are attached as Exhibits "A" and "B" and respectively.

3.      The Complaint alleges causes of action against all Defendants arising from a motor vehicle accident on June 22, 2022.  Exhibit A, ¶¶ 14-15.

4.      The Complaint alleges that Defendants Tealia Nicole Brown and John Doe were negligent in the operation of a motor vehicle, and through their negligence caused the accident and resulting injuries.  Exhibit A, ¶¶ 24-42.

5.      The Plaintiffs previously sued Defendants Tealia Nicole Brown and John Doe for injuries allegedly resulting from the very same June 22, 2022 motor vehicle accident in the Court of Common Pleas of Philadelphia County in case No. 240601901.  Copies of the dockets and Complaint filed in that case are attached as Exhibits "C" and "D" respectively.

6.      The Plaintiffs' 2024 action against Defendants Tealia Nicole Brown and John Doe proceeded to arbitration in the Court of Common Pleas, resulting in awards in favor of Plaintiffs Michael Grose and Mildred Dancy, and against Plaintiff Vonda Wilson-Grose that were docketed on February 5, 2026.  See Exhibit C.

7.      No appeal was taken from the arbitration award in case No. 240601901.

8.      The time to appeal the award of arbitrators in Philadelphia CCP case No. 240601901 has run.

9.      The report and award of arbitrators entered in Philadelphia CCP case No. 240601901 is a final judgment, res judicata and collateral estoppel as to the Plaintiffs in this case. See, e.g., Robbins v. Buck, 2003 PA Super 236, 827 A.2d 1213, 1215 (Pa. Super. 2003); Gallagher v. Ohio Cas. Ins. Co., 2014 U.S. Dist. LEXIS 48864, *18-19 (E.D. Pa. 2014).

10.     There is no reasonable basis in fact or colorable ground supporting the claims against Defendants Tealia Nicole Brown and John Doe because Plaintiffs litigated both liability and damages against those Defendants in the prior action resulting in an award of arbitrators from which no appeal was taken.  The award of arbitrators in Philadelphia CCP case No. 240601901 is therefore a final judgment.

11.    Plaintiffs are barred by collateral estoppel (issue preclusion) from relitigating claims against Defendants Tealia Nicole Brown and John Doe arising from the June 22, 2022 motor vehicle accident.

12.    The Plaintiffs herein are judicially precluded from suing Defendants Tealia Nicole Brown and John Doe for the same accident and same alleged injuries in this case by operation of final order, res judicata and collateral estoppel, as well as exhaustion of the applicable statute of limitations.

13.    Defendants Tealia Nicole Brown and John Doe are fraudulently joined in this case in an attempt to defeat diversity jurisdiction.  See,  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006); Badman v. Wal-Mart Stores, Inc., 2019 U.S. Dist. LEXIS 193628 (E.D. Pa. 2019).

14.    The Complaint alleges claims for Uninsured Motorist benefits for all Plaintiffs, Breach of Contract on behalf of all Plaintiffs, all in excess of the jurisdictional amount requiring submission to arbitration.  The Complaint alleges that Nationwide breached a duty of good faith to Plaintiffs failed to conduct a reasonable investigation of Plaintiffs' claims, failed to fairly evaluate the claims, failed to objectively and fairly reevaluate the claims. and failed to make reasonable evaluation and payment of the claims.  While Depositors denies that these allegations establish a viable bad faith claim against the insurance Defendant, they could be deemed to allege bad faith, exposing the Defendant to punitive damages and attorney's fees.  In total, the claims alleged exceed $75,000 exclusive of interest.

15.    The Complaint alleges Plaintiffs are citizens of Pennsylvania, residing in Philadelphia.  The Complaint alleges "Nationwide" is an Ohio Corporation with its business address at One Nationwide Plaza, Columbus, Ohio 43215.  Exhibit "A", paragraphs1-4 and caption.

16.     The only Defendant alleged to reside in Pennsylvania, Tealia Nicole Brown, cannot be sued by Plaintiffs and is fraudulently joined in this case.

17.     The underwriting company for the insurance policy under which the Plaintiffs assert claims in this case is Depositors Insurance Company.  The State of Iowa Amended and Restated Articles of Incorporation attached as Exhibit "E" establish that Depositors Insurance Company is an Iowa Corporation with its principal business location in Des Moines, Ohio.  (701 Fifth Avenue, Des Moines, Iowa).

18.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. §1441 because it can only be considered a civil action that is between citizens of different states and in which the amount in controversy of the claims of the Plaintiffs exceeds $75,000.00, exclusive of interest and costs.

19.     Venue is proper in this Court because the State Court Action is pending in Philadelphia County, Pennsylvania.  See 28 U.S.C. §1441(a).

**COMPLETE DIVERSITY OF CITIZENSHIP**

20.     There is a complete diversity of citizenship between the parties.

(a) **Plaintiffs.**  Plaintiffs are citizens of Pennsylvania with their residence located in Philadelphia, Pennsylvania.  See Complaint, Exhibit A, ¶¶1-2.

(b) **Defendant.**  The proper Defendant, Depositors Insurance Company is a citizen of Iowa.  The State of Incorporation and the Principal Place of Business of the Defendant Depositors Insurance Company is in Iowa as set forth in the Amended Articles attached. See Exhibit E.

The Defendant is not domiciled in Pennsylvania.

(c) Defendants Tealia Nicole Brown and John Doe cannot be defendants in this case as set forth above.  The alleged residence of Tealia Nicole Brown in Pennsylvania does not defeat diversity in this case.

21.     Given the complete diversity of the parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the cause of action and claims asserted in the State Court Action pursuant to 28 U.S.C. §1332, and this action is properly removable pursuant to 28 U.S.C. §1441 and 1446.

22.     This Notice of Removal has been served on Plaintiffs.  The certificate of service is attached hereto.  A Notice of Filing of Notice of Removal to Federal Court (attached Exhibit "F") will be filed in the Court of Common Pleas of Philadelphia County, Pennsylvania immediately after the filing of this Notice of Removal.

**CONCLUSION**

Because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332.  Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. §1441 and 1446.

Wherefore, Defendant Depositors Insurance Company respectfully requests that the action now pending before the Court of Common Pleas of Philadelphia County, Pennsylvania be removed to this Court.

Respectfully submitted,

**REGER RIZZO & DARNALL LLP**

Dated: July 13th, 2026

By:    */s/ Bradley J, Vance*
Bradley J. Vance, Esquire
Attorney No. 58850
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
Attorney for Defendant